# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FREDDIE EUGENE CASEY,** ) | |
| ) | Case No. 7:97CV00466 |
| Petitioner, ) | Case No. 7:12CV00<u>590</u> |
| v. ) | |
| ) | **OPINION** |
| **WARDEN, BUCKINGHAM** ) | |
| **CORRETIONAL CENTER,** ) | |
| ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

*Freddie Eugene Casey, Pro Se Petitioner.*

Petitioner Freddie Eugene Casey moves under Federal Rule of Civil Procedure 60 to reopen this long-closed case, brought as a petition for a writ of habeas corpus under 28 U.S.C.A. § 2254 (West 2006). After review of the record and the motion, I will deny Casey's motion under Rule 60 and construe and dismiss it as a successive § 2254 petition, pursuant to 28 U.S.C.A. § 2244(b) (West 2006).

Freddie Eugene Casey was convicted of first degree murder in the Circuit Court of Tazewell County, Virginia, on July 7, 1994, and sentenced to life in prison. Casey's direct appeal and state habeas corpus proceedings were unsuccessful. In June 1997, Casey filed a habeas petition in this court, alleging numerous instances of ineffective assistance of counsel. By Opinion and Order

entered February 20, 1998, I dismissed most of Casey's claims by reference to the state court records of the criminal and post-conviction proceedings. I denied the respondent's Motion to Dismiss as to certain specific contentions that I found unresolved by the affidavit of Casey's trial counsel. In September 1998, I conducted an evidentiary hearing and heard testimony from several witnesses, including the trial attorney. At the close of the hearing, I made findings on the record and dismissed the petition after concluding that the evidence did not prove Casey's claims of ineffective assistance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that Sixth Amendment claim of ineffective assistance requires showing that counsel's deficient performance resulted in prejudice). Casey's subsequent appeal and petition for a writ of certiorari were unsuccessful. *See Casey v. Buckingham Corr. Ctr. Warden*, No. 98-7648, 1999 WL 734750 (4th Cir. Sept. 21, 1999) (unpublished), *cert. denied*, 530 U.S. 1249 (2000).

Casey filed the instant motion under Rule 60 on March 29, 2012. After some difficulty obtaining the archived case file, I have now reviewed the motion and the underlying habeas record. I find no need to require a response from the respondent, because Casey has failed to demonstrate any ground for the relief he requests.

-2-

Case 7:97-cv-00466-JPJ   Document 42   Filed 11/30/12   Page 2 of 5   Pageid#: 18

II

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). When a petitioner seeks Rule 60 relief from the court's judgment denying his § 2254 petition, he must demonstrate "some defect in the integrity of the federal habeas proceedings" to justify revisiting the judgment denying his original habeas petition, such as an erroneous finding of procedural default or a statute of limitations bar. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The petitioner may not use Rule 60 to evade the successive petition bar contained in 28 U.S.C.A. § 2244(b) by bringing new claims that challenge the underlying conviction or sentence or that attack "the substance of the federal court's resolution of a [prior habeas] claim on the merits." *Id.* A motion that attempts such an attack must be construed and may be summarily dismissed as a successive § 2254 petition. *Gonzalez*, 545 U.S. at 531-32; *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

In the instant motion, Casey alleges that the state court indictment was defective because it failed to state the degree of murder with which Casey was charged under Virginia law or to state sufficiently the facts on which the

Commonwealth would rely, and so did not provide the defense with notice or the ability to prepare a proper defense. Casey asserts that this defective indictment claim goes to "jurisdiction" and so provides proper grounds for relief under Rule 60 to reopen his § 2254 habeas case. Casey is mistaken.

Casey's motion does not demonstrate any defect in the § 2254 proceedings or seek to overturn any procedural ruling by this court that prevented consideration of his § 2254 claims on the merits. Therefore, his motion does not fall within the category of reconsideration motions that can be addressed under Rule 60. *Gonzalez*, 545 U.S. at 532. Instead, Casey's motion challenges directly the validity of his state court conviction, claiming that the defective indictment somehow deprived the state court of subject matter jurisdiction to try and convict him. Such a substantive challenge to the underlying criminal proceeding is properly construed as a second § 2254 petition. *Id.*

This court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C.A. § 2244(b). Casey offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2254 petition. Therefore, I will direct the clerk's office to redocket Casey's current submission as a new § 2254 petition, which I will summarily dismiss as successive.

A separate Final Order will be entered herewith.

ENTER: November 30, 2012

/s/  James P. Jones
United States District Judge